Good morning, Your Honors. Good morning. May it please the Court, I'm Manuel Rios, and I represent the petitioner, Mr. Kwan Sun Yi. This is a petition for review from the Board's Burbano Affirmative of the IJ's decision finding Mr. Yi removable for having been convicted of a crime involving domestic violence under the INA. And the finding is based on a 2003 conviction out of the Anchorage District Court. Because the BIA affirmed this under Burbano, we're going to be reviewing the IJ's decision. And the only issue that I want to focus on today is whether or not the record of conviction shows by clear and convincing evidence that Mr. Yi had been convicted of a crime of violence as defined underneath the act. So, Counselor, just to clarify, are you arguing solely the modified categorical approach? That is correct, Your Honor. And is that the position you took in your briefs? Actually, there were two positions. One was a returning resident. It was an alternative theory that when Mr. Yi was admitted post-conviction, that by virtue of his admission, he was basically granted a waiver because 237.82e charge does not make someone inadmissible. And so when he was granted admission subsequent to his conviction, then that essentially, underneath the matter of Rainford, solved, cured that issue. And because that's the only ground of removability that the IJ found him removable under, that would end the case. However, it's true that this was not brought up at the agency level. So rather than go through all of these exhaustion, the exceptions to exhaustion, and the deal on a bebe, whether or not a bebe applies, I think that the more straightforward way is simply to go forward on the facial deficiencies that we have and the legal problems that the agency decision illustrates in this record of conviction underneath the modified categorical approach. Basically, our argument is that this fails the agency's decision is incorrect on a legal basis on three grounds. Number one, that facially, we can't tell on this record of conviction that to what charge Mr. E pled guilty to. Number two. The judgment refers to count one, the only count in the complaint, right? So why isn't it enough for us to conclude that under the modified categorical approach, that E pled guilty to the facts charged in the complaint, especially where there's no indication that an amended complaint was ever filed? Well, Your Honor, it's because we don't really know. That's exactly the point. What does the complaint say? Well, the complaint does say assault, and I would agree. Does it say words on there? Certainly it does. What are the words that it says? What does count one on the complaint say? Oh, count one, assault DV, force or violence. But does it say more? Yes. Would you like me to read it, Your Honor? Yes. To wit, Kwan Seng Yee did assault HY, a household family member, by intentionally or recklessly using force or violence upon his or her person, which is in violation of Anchorage Municipal Code 8.10.010.B.1. This complaint is based on the complainant's personal observations of the assault and injury sustained by HY. The defendant used force against the victim by punching five to six times in the face and head. Okay. So why isn't that enough? Well, it's not enough for a bunch of reasons, Your Honor. First of all, to go back to the deficiencies in the judgment, there's a space here for the statute of ordinances violated. It's not filled in. It says that Mr. Yee was or the defendant pled guilty to count one. We don't know if it was the amended information. We don't know if there was an amended information based on this record. The government could have put a docket sheet and showed that there was only one complaint. Why would we speculate that there might be an amended information when there's no indication in the record whatsoever that the information was amended? Well, it's not our burden. It's not the petitioner's burden to show that there was, and it's the government's burden to show that it was, Ron. Basically, they've come forward with a record that shows a single information and a plea to count one of that information. Now, why would we speculate that there might be some amended information? Well, Your Honor, I'm not going to allege any kind of bad faith or anything like that. I'm just saying that there is an inference that needs to be drawn here. That's not our only argument. I can move on to the second argument. Counsel, let me ask you this. If we assume that he pled guilty to count one, could he have met that definition by a reckless use of force? Most certainly. But a clarification that I want to draw is that Mr. Yee didn't plead guilty. He pled no conscience. And this is crucial, especially under U.S. v. Vidal. In U.S. v. Vidal, the en banc panel of this court specifically stated that a no-contest plea without more is not going to elucidate a factual basis for a plea. So we have it done. It's over. There is nothing more in this record except for the complaint and this judgment that shows that Mr. Yee pled no contest to a domestic violence offense, and we're going to assume that it is this one charging the complaint. And because the complaint is phrased in the disjunctive, and that is by intentionally or recklessly using force, we can't tell what the plea was based on. And that is crucial. I'm familiar with Vidal, and I'm not very happy about Vidal, but, you know, I lost there. So let's just say if by referencing count one, if there had been an incorporation of the facts alleged in the complaint as charged in the information, which Vidal seems to address, would you lose then? Probably, Your Honor. That's more like a Perea or Faria case where there's a specific incorporation of that, or say, for example, it says, pled guilty as charged, something like that. If you punch someone five times in the face, you know, that sounds pretty intentional. One little punch by accident, maybe, but punch five times. I concede to you, you don't have the incorporation. Well, Your Honor, the correct inquiry under Estrada-Espinosa is whether or not the record clearly and convincingly shows that the plea necessarily rested upon something that brings it in the ambit of the generic offense. And it doesn't, because he could have, it could necessarily rest on a reckless using of force. Not necessarily a concession of the facts. The no contest plea under Alaska law, under, you know, as stated by this Court in Nguyen, and under Vidal isn't a concession, it's not an affirmation, it's not an ascension to the facts. The government cannot prove this on this record. In fact, in Vidal, if it's any concession, I don't believe that Your Honor was vigorously fighting the no contest part, but it's more of the accessory after the fact on the dissent in Vidal. But I think that. I don't agree with you on that. I don't agree with you on that. You believe wrong. In any event, Vidal actually gave some examples such as Smith and Schnellenberger. I think Judge Paez wrote that opinion, and it specifically said, you know, when we're talking about a no contest plea, we need to have more. And what is more? We need to have a transcript of the plea colloquy. It's absent here. Okay? Or we need to have a plea agreement. Absent here. So, therefore, under Vidal, on the decision that this Court is bound by, you can't, the government cannot sustain their burden. I'd like to reserve the last two minutes for rebuttal if I can. All right, counsel. Thank you. We'll hear from the government. Good morning, Your Honors. Ann Wellhoff, a respondent, United States Attorney General Holder. May it please the Court. The issue in this case is simple and straightforward. We have a very clear record of conviction upon which this Court can apply the modified categorical approach. And when doing so, the record clearly shows that this petitioner was both charged with a generic predicate offense under the INA, that being a crime of domestic How can it be generic if it can be met by reckless conduct? Well, Your Honor, had Petitioner's Counsel read the language of the complaint, and I was going to start out by doing that, but I don't want to be redundant. We have read the language in the complaint. Right. It says all recklessly. For itself. That's the part that's a problem for you. That's correct, but we get around it. And the way we get around it is that it doesn't stop there. I mean, it was generic pleading as is a very common prosecutorial practice, just a recitation of the statutory language. However, it didn't stop there. The charging document itself goes on, and it describes conduct. It narrows the crime charge to the generic limits. Do you have to end this? Does Fidel require you to incorporate that? I think Fidel is a problem for you here, and, you know, and I've made no secret of the fact that I think that where this is going is ridiculous. It divides common sense, but I am bound by the law, you know, that my dissent does not control at this point. So I think Fidel is a problem for you. I think it's a problem, but I think we get around it. There's a very clear material distinction between the Fidel case and the facts here. Fidel, like most of the cases cited in Petitioner's brief, involved a plea down. We have a charging document charging facts and conduct under particular statutes. We then have a plea to a statute that was not charged in the complaint. That's true of all the cases that Petitioner cites in his brief starting at page 18. Cisnero-Perez, Martinez-Perez, Ruiz-Fidel. There you cannot assume, you'd have to infer that the ultimate plea, which was a statutory provision, not referenced in the charging document. You would have to infer that the person assaulted was, in fact, the person referenced and charged in the indictment. We don't have that here. We have an exact match. But what evidence shows that he agreed that he violated the statute by acting intentionally? Well, you know, and there's much been made of the NOLO contender plea, or the no contest in Alaska. That, too, is of no consequence here because we do not care whether he's admitting factual guilt. Basically, a no contender plea under Alaska law in most jurisdictions, and I would cite the court to an Alaska case called Jones v. State, 2009 West Law, 297-4217. It will be published, but it is not yet. A judgment when a no contest plea is answered against the defendant as if each necessary element of the offense had been proven. What's the law in the Ninth Circuit on a no contest plea? Well, in Vidal, Vidal talks about that. It talks about a people v. West plea, says it's the functional equivalent of a no contest plea. And then it clearly says, and I'll refer the court to the court's language. It's on page 1087 of Vidal, and it says 1087. I'm sorry. Yes. I'm sorry. Make that 10. I apologize, Your Honor. It's on page 1089. By answering that plea of no contest, he is not contesting the allegations as charged. The crime as charged was an intentional crime. One does not recklessly punch somebody five times in the face, as Your Honor pointed out. The document speaks for itself. It was charged as an intentional crime. It could have been charged as reckless, but it was not. The statute would have permitted that. I'm not saying it was charged as an intentional crime. The inclusion of the language at the end that specifies what he did to violate the statute. That's correct. If this case hadn't been pled and it had gone to the jury, the charge was he punched somebody five times about the face and head. Doesn't the inclusion of the word reckless, though, in the charging paper insert some level of ambiguity into this? Well, and if the -- Or intentional. I believe it does. However, we have more here, though. We have -- there was, for prosecutorial convenience or whatever, the court talks about this type of pleading in the Vidal case. It talks about prosecutors copying the language of the statute, generically and inserting. And without more, that's a problem, but we have more here. I'm not suggesting that they can't plead the case in the disjunctive in the charging paper. The problem is the nexus between the charging paper and the other papers we have that show that he pled guilty. And I think this was Judge Callahan's question to you. What specifically shows that he pled guilty to an intentional violation as opposed to a reckless one? Because it was charged as an intentional crime by the very clear language and because he did not contest that. He's pled to the elements of that intentional crime. You've already said there's ambiguity in the charging paper because it also mentions reckless. It says reckless or intentional. Again -- How do we know that it was the intentional component of that that he pled to as opposed to the reckless component? Because the conduct, the factual predicate for the crime was pled as intentional. I mean, it had to be one or the other. If the State had gone forward on their case, they would have had to prove the element of the crime is intentional or reckless. They could have charged a reckless crime. They did not. It was punching somebody five, six times in the face. That's factual conduct that bodes intent, intentional conduct. I'm having the same problem that Judge Callahan apparently has had with this. If Adele speaks in terms of incorporating language in the plea agreement or the plea form, which says as charged in the information, then I'm with you. Then I can incorporate the specific language that says he punched somebody five times and that's intentional, but that's missing here. Well, verbatim it's missing, but I think we have the functional equivalent. We have a judgment that clearly this is the record of conviction for this 2003 conviction and Petitioner's efforts to say, we don't know what it's the record of conviction for. If you look at the administrative record, you'll see that when these documents were offered as that record of conviction, there was no objection by Petitioner. They're authenticated. They are the record of conviction for the 2003 conviction alleged in the notice to appear. Which conviction he conceded. He concedes he was charged and convicted under the Alaska statute. So for him to suggest. Well, I think those are, I would agree with you. I don't think that those arguments really have traction. But the fact that it's not incorporated by reference does give some traction under Vidal. And trust me, you have my heart, but, you know, that you have to have my mind, too. And that Vidal is Vidal. That's a problem here. I believe we have an incorporation. We have the judgment of conviction in this criminal docket number. Specifically at the top of the judgment, it says count one. Count one speaks for itself. To suggest there could have been some amended complaint about there, we just don't know about. I think that argument is completely meritless. I believe the judgment record in this case is clear and convincing evidence that he was both charged with a predicate crime and the requisite mens rea, and that he pled to that. I think the record is crystal clear. All these cases that are being cited that talk about, you know, plea downs and mismatches between a plea and factual predicate as charge and indictment are inapplicable. There's a material distinction. There's never been any discussion in this case about any other provision of the law that he was charged with or pled to other than the one that we're talking about, the crime here, which I understand the prosecutor could have charged him with reckless conduct under that statute, but the prosecutors did not do so. They charged him with intentional conduct, and he pled to that. Well, they employed some generic charging language in the first sentence, but I believe that as you read on, the charge was narrowed to the generic limits. But you can't ignore part of the charging language and just focus on the part that helps you out. Well, I think that the crime was narrowed to its generic limits, and I think the court has several precedents in this court that talk about, Vidal, for example, does talk about narrowing the charge to the generic limits, and it's done that. I would agree with you if he had admitted that he performed those acts as charged, then you would have a much stronger argument, but we don't have that. Well, he admitted, chose to not contest the charges, which alleged all the requisite elements, and he did not dispute that. His case, like the Winn case that he cites for the Nolo contendory plea, is not a factual admission. Again, totally an apposite because we are not, in the Winn case, they were trying to use a Nolo plea to prove beyond a reasonable doubt another crime. All we're looking at here, we don't really even care whether he actually committed this crime. We care what was he convicted of. That is the inquiry under the modified categorical approach. That's the inquiry under the INA, of what crime do you stand convicted. And in order for us to prove removability, he has to stand charged with and convicted of an intentional crime of violence. And based on the record in this case, while the very first sentence is broad enough to encompass greater conduct than might be a predicate crime, this charging document narrows that crime to the generic limits of intentional conduct. And on this record, the government has proven by clear and convincing evidence that Petitioner is removable for having committed a crime of domestic violence. All right. Thank you, Counsel. You've exceeded your time. Rebuttal? Well, I'd like to address the Jones case that Counsel has cited. Actually, Jones is a great case because it shows that Alaska states at page 4 that Alaska law requires judges only to ascertain factual basis of pleas when the defendant offers a guilty plea, specifically stating not when the defendant offers a no contest plea. So therefore, under Alaska law, there's no requirement that a factual basis for a plea be entered at all. So the government simply is misusing the Jones case. Basically, the problem inherent in this case for the government is there's no documents here to show that Mr. Reed, the Petitioner in this case, specifically agreed with, assented to, incorporated, conceded any factual basis for his no contest plea. It's not required under the law of Alaska, and certainly this circuit doesn't require that. So for those reasons. I think you go a little far there. What does it mean when a fellow pleads no contest to a single count information that has specific charging language? We're supposed to say that's a meaningless gesture? It means nothing? We don't look at the charging language and say he's admitting that he did these things? No, Your Honor. I think that there's an issue here as far as we're blurring the lines between factual allegations and elements. Okay? It's elements that we're concerned with here. So if we can show, if the government can show that the plea necessarily rested upon all of the elements in a generic offense and to bring a crime of violence into the ambit, we need to have an intentional act. So if the government can't obviate the possibility the plea rests on a reckless conduct, then it's over. I understand all that. This is a little different from Bedell, though, because Bedell was just a generic charge, 10851 of the California Vehicle Code, with no special language. What's different here is that there was some special language. They didn't just rely on the Alaska Code provision. They alleged specific intentional assaulting by just punching five times. You can see that makes this a little different than Bedell, right? It makes it a little bit more difficult. I agree with you, Your Honor. I believe, however, that, you know, the Shepard decision makes, you know, requires that there be some indication of a concession, some kind of factual concession or ascension, you know, confirmation of the facts, incorporation of the facts, and that's what makes this case, you know, that's why this Court should rule in favor of the petitioner in this case. And I would request that the Court grant the petition, reverse the removal order, and remand this to the Board for instruction consistent with the decision. All right. Thank you, Counsel. Thank you both, Counsel, for a case well argued.
judges: Burns, Rawlinson, Callahan